[No. 11903–6–I.   Division One.   April 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JESTON
BLEWITT, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Katharine B. Wilcox, Deputy,* for respondent.

WILLIAMS, J.—Following a trial to the court, sitting with a jury, Jeston Blewitt was found guilty of robbery in the first degree. He appeals; we affirm.

Blewitt and Ernest Schaef were convicted of robbing a Budget Rent–a–Car office. Two Budget employees, Russell Miller and James Holman, admitted their involvement in the crime and testified for the prosecution. Their testimony established that Blewitt, Schaef, Miller, and Holman staged

a robbery of Budget during Holman's shift. The four men agreed to use a gun and tie Holman up for authenticity's sake.

On the night of the incident, two employees were on duty: Holman (the office clerk) and George Zeno (a shuttle bus driver). Zeno was dispatched on a false call when Schaef and Miller arrived to carry out their plan. Holman was tied up in a bathroom. When Zeno returned, the crime then being in progress, he was bound and placed in a different bathroom. Blewitt, Miller, and Schaef emptied the cash register, loaded Budget's safe into a van taken from the customer parking lot, and escaped.

Holman was in charge of the money and the office. Zeno's duties included driving the shuttle bus, parking cars, cleaning the restrooms, and occasionally collecting parking fees which he turned over to Holman.

The principal question is whether the trial court erred in giving the following instruction:

> A taking from the presence of another can occur in the presence of a person, even though that person was not immediately present, where that person, by force or fear, had been removed from or prevented from approaching the place from which the taking occurred.

Instruction 10A.

Blewitt contends that this instruction unduly emphasized the prosecution's theory of the case and was, thus, an improper comment on the evidence. "An instruction that states the law correctly and concisely and is pertinent to the issues raised in the case does not constitute a comment on the evidence." *State v. Johnson*, 29 Wn. App. 807, 811, 631 P.2d 413, *review denied*, 96 Wn.2d 1009 (1981).

Instruction 10A was taken from *State v. McDonald*, 74 Wn.2d 141, 443 P.2d 651 (1968), wherein the court stated:

> the authorities are in accord that it can be a taking from a person or in his presence even though the victim was not immediately present where the victim, by force or fear, had been removed from or prevented from

approaching the place from which the asportation of the personalty occurred.

*McDonald,* at 144. Instruction 10A was not repetitive or unnecessary. It was an accurate statement of the law. There was no error.

Blewitt next argues that, for the crime of robbery to be committed, "property must be taken from the person of the owner, or from his immediate presence, or from some person, or from the immediate presence of some person, having control and dominion over it." *State v. Hall,* 54 Wash. 142, 143–44, 102 P. 888 (1909); *see* RCW 9A.56.190. Because Zeno was never shown to have control or dominion over the property stolen from Budget, Blewitt contends, the evidence was insufficient to support his conviction.

Whether a person had constructive possession of property, and thus dominion and control over it, is determined by viewing "the totality of the situation." *State v. Partin,* 88 Wn.2d 899, 906, 567 P.2d 1136 (1977). Zeno was proved to be an employee of the owner of the stolen property. As such, he had the implied responsibility of exercising control over the employer's property as against all others. The evidence presented was sufficient to support the conviction. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

Affirmed.

CALLOW and RINGOLD, JJ., concur.

Review denied by Supreme Court February 1, 1985.