[No. 12641–5–I.   Division One.   April 30, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. VJW,
*Appellant.*

*Raymond H. Thoenig, Julie A. Kesler,* and *Carey L. Critchlow* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Edwin K. Inkley, Deputy,* for respondent.

RINGOLD, J.—VJW, a juvenile, appeals from a disposition order finding her guilty of prostitution loitering. Seattle

Municipal Code 12A.10.010 (the ordinance). She challenges the constitutionality of the ordinance and the sufficiency of the evidence. We find no error and affirm.

The only testimony submitted at the fact–finding hearing was that of a Seattle vice squad officer who stated that he observed VJW at Second and Union streets from a nearby parking garage. Between 9:15 and 9:50 p.m. the officer saw VJW approach and converse with three different men, wave at a passing car driven by a fourth man, and get into a car with a fifth man. Each contact was from 15 to 45 seconds long. The officer also saw VJW talking to other individuals in the area. He did not overhear any of the conversations, nor did he know if VJW was acquainted with any of the people she approached. The officer had previously seen VJW in the vice squad office and in the same area.

### UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH

VJW contends that the ordinance is vague on its face because it does not describe the prohibited behavior with sufficient specificity to allow the average citizen to understand what is forbidden, and it gives too much discretion to the police, encouraging arbitrary or discriminatory enforcement. She claims that the ordinance is overbroad because it proscribes or has a chilling effect on innocent behavior protected by the First and Fourteenth Amendments. VJW asks this court to overrule *Seattle v. Jones,* 79 Wn.2d 626, 488 P.2d 750 (1971), which upheld a prior, similar version of the ordinance because there have been changes on the court since *Jones* was decided and many statutes and ordinances have since been stricken on vagueness grounds.

In *Jones,* the Supreme Court rejected vagueness and overbreadth challenges to former Seattle Municipal Code 12.49.010, which read in part:

It is unlawful for anyone:

. . .

(g) To loiter in or near any thoroughfare or place open to the public in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution.

Among the circumstances which may be considered in determining whether such purpose is manifested: that such person is a known prostitute or panderer, repeatedly beckons to, stops or attempts to stop, or engages male passers–by in conversation, or repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any other bodily gesture. No arrest shall be made for a violation of this subsection unless the arresting officer first affords such person an opportunity to explain such conduct, and no one shall be convicted of violating this subsection if it appears at trial that the explanation given was true and disclosed a lawful purpose.

VJW was charged under Seattle Municipal Code 12A.10-.010, which reads in pertinent part:

B. A person is guilty of prostitution loitering if he remains in a public place and intentionally solicits, induces, entices, or procures another to commit prostitution.

C. Among the circumstances which may be considered in determining whether the actor intends such prohibited conduct are that he:

1. Repeatedly beckons to, stops or attempts to stop, or engages passersby in conversation; or

2. Repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any other bodily gesture; or

3. Is a known prostitute or panderer.

The only apparent differences between these two ordinances are grammatical and organizational changes, plus the addition of the statement that intent is an element of the charge. The intent element was "read into" the prior ordinance by the *Jones* court. Because the Supreme Court has previously upheld the ordinance against constitutional challenges based on overbreadth and vagueness, VJW's argument is without merit. Under the principle of stare decisis, we follow the *Jones* holding, and reject the overbreadth and vagueness arguments.

## Vague as Applied

VJW next argues that the ordinance is vague as

applied. The distinction between this argument and the contention of facial invalidity is explained in *Seattle v. Shepherd,* 93 Wn.2d 861, 865, 613 P.2d 1158 (1980).

> A statute or ordinance is facially unconstitutional when its very language fails to adequately specify what activity is prohibited. In such cases, the factual setting is irrelevant and courts will look to the face of the enactment to determine whether any conviction based thereon could be upheld.
>
> A different analysis is employed where, as here, an ordinance is challenged as unconstitutionally vague as applied. In such cases, the factual setting of the case is critical. Once the facts are ascertained, the court must determine whether the ordinance provides the defendant with "fair warning of the criminality of his own conduct", and whether the statute presents the danger of an *ad hoc* determination of guilt resulting from inadequate statutory guidelines.

(Citations omitted.) VJW argues that she could not reasonably understand her conduct to be prohibited by the prostitution loitering ordinance, and that the ordinance allows arbitrary application as illustrated here, where the only evidence presented was that VJW had a few brief contacts with men in a 30–minute period.

An ordinance that is not vague on its face may nonetheless be vague as applied. *Bellevue v. Miller,* 85 Wn.2d 539, 541–42, 536 P.2d 603 (1975). If a statute contains both specific and vague sections, a defendant may challenge the section he or she was charged under as vague.

This ordinance does not contain a vague section. The prohibited behavior is clearly indicated. VJW claims that the statute is vague because she could not know that innocent behavior such as hailing motorists or approaching passersby was forbidden. Such "innocent" behavior, however, is not prohibited. Section C lists some circumstances that a police officer may consider in determining whether a prohibited act is occurring. The enumerated behaviors are not prohibited unless they are accompanied by the intent to solicit or commit prostitution. When interpreting former

Seattle Municipal Code 12.49.010, the Supreme Court said:

> The examples . . . are not exclusive, but merely demonstrate some of the types of conduct which may be considered in determining whether an unlawful *purpose* or *intent* is manifested. The ordinance is sufficiently clear so that men of reasonable understanding are not required to guess at the meaning of the enactment.

*Jones,* at 630. Because the current ordinance specifically requires that the acts be done with the intent to commit or solicit prostitution, VJW had notice of what conduct was prohibited. The ordinance does not permit or encourage arbitrary enforcement, and was validly applied.

### Due Process Challenges

VJW next urges that the ordinance improperly shifts the burden of proof to the defendant, requiring her to establish that she is not soliciting. *See In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). She also argues that the ordinance creates an unconstitutional presumption that one who is performing the acts described in section C is soliciting. *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980). The State responds that the ordinance does not create any presumptions; it merely lists some behaviors that an officer may consider in determining whether prostitution loitering is occurring. The State relies on the rule that circumstantial evidence may be considered in determining whether the State has proven an element of a crime beyond a reasonable doubt. *State v. Delmarter,* 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

The ordinance considered by the *Jones* court read:

> No arrest shall be made for a violation of this subsection unless the arresting officer first affords such person an opportunity to explain such conduct, and no one shall be convicted of violating this subsection if it appears at trial that the explanation given was true and disclosed a lawful purpose.

Seattle Municipal Code 12.49.010. The *Jones* court rejected the argument that section 12.49.010 created an unconstitutional presumption shifting the burden of proof to the

defendant, stating:

> We have already disposed of this contention by finding that intent is specifically required by the ordinance in question. Loitering is an overt act. Intent may be inferred therefrom by conduct when it is plainly indicated as a matter of logical probability.

*Jones,* at 630.

The current ordinance does not include the above quoted section. There is no requirement that the defendant explain his or her presence or state a "lawful purpose." Nothing in the ordinance creates a presumption, or shifts the burden of proof to the defendant. Additionally, *Jones* is controlling precedent against VJW's argument. The ordinance does not contain an unconstitutional presumption.

### SUFFICIENCY OF THE EVIDENCE

VJW's final challenge is to the sufficiency of the evidence. She argues that there are possible innocent explanations for her behavior so that the circumstantial evidence presented by the State is insufficient to support a conviction under the "multiple hypothesis" theory of *State v. Gosby,* 11 Wn. App. 844, 626 P.2d 70 (1974), *aff'd on other grounds,* 85 Wn.2d 758, 539 P.2d 680 (1975).

*Gosby* does not support VJW's theory. The Supreme Court in *Gosby* rejected the multiple hypothesis theory, stating that "since circumstantial evidence is not per se less reliable than is direct evidence, there is no need to give the multiple–hypothesis instruction . . ." *Gosby,* at 766–67. The existence of hypothetical explanations consistent with innocence does not mean there is insufficient evidence to support a conviction.

The standard for sufficiency of the evidence is that set forth in *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980),

> whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* [443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)].

(Italics omitted.) *Green,* at 221.

Here, the State had to establish that VJW was remaining in a public place with the intent to solicit or induce another to commit prostitution. Repeated beckoning or attempts to engage others in conversation and attempts to stop motor vehicles by waving may be considered in determining whether the prohibited conduct is taking place. The testimony established that it was nighttime in a known high prostitution area, and that VJW beckoned to, conversed with, and stopped four different men, and flagged down a passing car and rode in it briefly. Intent may be inferred from circumstantial evidence. *Jones,* at 630. There was substantial evidence to support the finding of guilt. It cannot be said as a matter of law that no rational trier of fact could have found that VJW was guilty of prostitution loitering.

Therefore the disposition order is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Review denied by Supreme Court July 13, 1984.