[No. 13835-9-I.   Division One.   April 29, 1985.]

THE CITY OF SEATTLE, *Respondent,* v. ANNETTE SHIRLEY SMILEY, *Petitioner.*

*Floris J. Mikkelsen* and *George Yeannakis* of *Seattle–King County Public Defender Association,* for petitioner.

*Douglas N. Jewett, City Attorney, Augustin Jimenez,* and *Elizabeth M. Rene, Assistants,* for respondent.

WEBSTER, J.—The defendant, Annette S. Smiley, appeals her conviction for the crime of prostitution loitering, Seattle Municipal Code (SMC) 12A.10.010. She alleges three assignments of error: (1) the trial court impermissibly commented on the evidence in giving jury instruction 5; (2) jury instruction 5 impermissibly shifted the burden of proof from the City to the defendant; and (3) the trial court erred in failing to provide an adequate venire panel and in interfering with the jury selection process.

The defendant appeared for a jury trial in Seattle Municipal Court on December 4, 1982, on a charge of prostitution loitering. At the beginning of voir dire the trial judge informed both counsel that there were only 11 jurors. The judge told counsel that it was possible to get another juror from another court if necessary, but it would cause a delay and to keep that in mind when making their peremptory challenges. Beginning with the city attorney, each side was given the opportunity to challenge jurors. This was done in writing and the jurors were not told who had been challenged until all challenges were complete. The City exercised three peremptory challenges and the defense two. At that point the court realized there would not be a sufficient number of jurors remaining on the panel who

could be substituted for the five challenges.[1] Instead of calling a new juror the trial court asked the City if it would reconsider its already completed challenges. The City put two of its challenged members back on the jury list. Defense counsel objected, claiming that those jurors were both people she would have "kicked off." Defense counsel chose not to exercise her remaining peremptory challenge to have one of the two objectionable jurors removed. The court gave defense counsel the option of "redoing" her challenges but she declined indicating that she did not want the people whom she had originally challenged back on the jury. Defense counsel objected to this method of jury selection and requested a mistrial. This motion was denied, and the City began its case in chief.

The only witness who testified at trial was a Seattle police officer who stated that he had observed the defendant from a restaurant across the street from where the defendant was standing on the corner of First and Pike Streets..Between 11:16 p.m. and 12:30 a.m., the officer saw the defendant approach and converse with four different men, bend down and wave to two passing vehicles, each of which was driven by a single man, and get into a pickup driven by a seventh man. The police officer did not hear any of the conversations between the defendant and the men she approached. At the close of the officer's testimony, the defendant moved to dismiss. The motion was denied.

The defense counsel objected to instruction 5 on the grounds that it was a comment on the evidence and that it resulted in an unconstitutional inference. Instruction 5 was worded identically to SMC 12A.10.010, the prostitution loitering ordinance.[2] The court agreed to eliminate the last

---

[1]The record is unclear as to how the court was left with only four jurors on the panel since they began with 11 jurors and only five were excused on peremptory challenges.

[2]Section 12A.10.010 of the Seattle Municipal Code provides in pertinent part:

"C. Among the circumstances which may be considered in determining whether the actor intends such prohibited conduct are that he:

paragraph of the instruction which was identical to section (C)(3) of the ordinance, but the remaining instruction was left intact.

The jury found the defendant guilty as charged. This appeal follows.

The defendant contends that instruction 5 constituted an impermissible comment on the evidence by instructing the jury that particular facts in dispute in the case could be considered "among the circumstances" to establish the guilt of the defendant.

An impermissible comment on the evidence is one which conveys to the jury the court's attitude toward the merits of the particular case. *State v. Foster,* 91 Wn.2d 466, 481–82, 589 P.2d 789 (1979). An instruction which does no more than accurately state the law pertaining to an issue in the case does not constitute an impermissible comment on the evidence. *State v. Foster, supra; State v. Blewitt,* 37 Wn. App. 397, 398–99, 680 P.2d 457 (1984). There is nothing in the language of instruction 5 which suggests the judge's personal attitude toward the merits of the case. Instruction 5, which is worded identically to SMC 12A.10-.010 except for the exclusion of section (C)(3), is an accurate statement of the law. Jury instruction 5 did not constitute an impermissible comment on the evidence.

The second issue is whether the trial court's jury instruction 5 improperly shifted the burden of proof to the defendant.

Defendant argues that even though the instruction was in the exact language of the statute, it was still erroneous because the language was subject to unconstitutional misinterpretation in that it required the defendant to rebut a presumption that her beckoning constituted an intent to solicit prostitution. Thus, contends the defendant, she was

---

"1. Repeatedly beckons to, stops or attempts to stop, or engages passersby in conversation; or

"2. Repeatedly stops or attempts to stop motor vehicle operators by hailing, waving of arms or any other bodily gesture; or

"3. Is a known prostitute or panderer."

forced to produce evidence of her innocence in violation of her constitutional rights to a fair trial and due process of law.

There is no dispute regarding the applicable principles of the law. The prosecution must prove every element of the crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 361, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Here, however, there was no shifting of the burden.

In *State v. VJW,* 37 Wn. App. 428, 433, 680 P.2d 1068 (1984), the court rejected the defendant's due process argument that the prostitution loitering ordinance improperly shifted the burden of proof to the defendant, stating:

> There is no requirement that the defendant explain his or her presence or state a "lawful purpose." Nothing in the ordinance creates a presumption, or shifts the burden of proof to the defendant. . . . The ordinance does not contain an unconstitutional presumption.

Admittedly, an instruction written in the exact language of a statute may give rise to an unconstitutional presumption. *See State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980). However, the statute which is at issue here does not result in such a presumption. The wording of the instruction is clearly in the form of a "permissive presumption." The language, "among the circumstances which *may be considered,*" allows but does not require the trier of fact to infer the elemental fact upon proof of the basic fact and places no burden on the defendant. *See State v. Savage,* 94 Wn.2d 569, 574, 618 P.2d 82 (1980).

> Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

*County Court of Ulster Cy. v. Allen,* 442 U.S. 140, 157, 60 L. Ed. 2d 777, 99 S. Ct. 2213 (1979). Under the facts of this case, a trier of fact could have rationally made the connection permitted by the inference; therefore, the instruction

did not give rise to an unconstitutional inference.

■ It is well established that "'a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" *State v. Tharp,* 27 Wn. App. 198, 211–12, 616 P.2d 693 (1980) (quoting *Cupp v. Naughten,* 414 U.S. 141, 146–47, 38 L. Ed. 2d 368, 94 S. Ct. 396 (1973)), *aff'd,* 96 Wn.2d 591, 637 P.2d 961 (1981). The other instructions clearly indicated to the jury that the City bore the burden of proving every element of the crime charged. Instruction 7 informed the jury that the defendant had no obligation to testify or provide evidence and that the City bore the burden of proving the elements of the crime beyond a reasonable doubt.

Instruction 8 enunciated the principle that a "defendant is presumed innocent." Reading the instructions as a whole, it is clear that the jury was properly instructed that the City had the burden of proof and that the defendant was presumed innocent until proven guilty.

The final issue is whether the trial court's request to the City to withdraw two of its peremptory challenges deprived the defendant of her right to a fair trial.

The defendant contends that the trial court here erred in (1) proceeding with too few people, (2) interfering in the "full and free" exercise of peremptory challenges, and (3) changing its own announced procedures after both counsel had exercised their peremptory challenges.

The defendant's claim that the trial court erred in providing only 11 panel members from which to choose a 6–person jury is unconvincing for several reasons.

■ First, the defendant's reliance on *State v. Murphy,* 610 S.W.2d 382, 389 (Mo. Ct. App. 1980) for the proposition that she was entitled to a panel of 12 jurors is misplaced. While *Murphy* does state that every defendant in a criminal jury trial is entitled to an impartial jury, nowhere in the opinion does the court state that the impartial jury must consist of 12 or more persons. The defendant here has failed to demonstrate how choosing a jury from a panel of 11 instead of 12 has in any way encumbered her right to a

fair trial. "An accused cannot complain if [she] is tried by an impartial jury. [She] can demand nothing more." *State v. Persinger,* 62 Wn.2d 362, 366, 382 P.2d 497 (1963), *appeal dismissed, cert. denied,* 376 U.S. 187, 11 L. Ed. 2d 603, 84 S. Ct. 638 (1964).

Second, nowhere in the applicable court rules does it state that a party is entitled to choose a jury from a panel of 12 or more. Seattle Municipal Court Rule 2.10 provides:

> the jury shall consist of six (6) citizens of the City·of Seattle. Juries will be selected in the manner provided in the Superior Court Rule CrR 6.3 and 6.4.

CrR 6.3 and 6.4 in turn provide for the selection procedure. However, neither rule states that a party is entitled to choose from a panel of 12 or more. In contrast to those rules is JCrR 4.07(b) which specifically provides for a panel of 18.

Finally, the defense counsel did not object to the size of the panel until after she had already completed her peremptory challenges. Thus, even if she had a right to a panel of 12, she effectively waived that right by failing to timely object.

Defendant's remaining claims that she was denied a "full and free" exercise of peremptory rights and that the court erred in changing its own procedures are equally meritless. Neither the state nor federal constitutions require that an accused be given peremptory challenges. *State v. Persinger, supra* at 364. Nonetheless, the challenge is "one of the most important of the rights secured to the accused", *Pointer v. United States,* 151 U.S. 396, 408, 38 L. Ed. 208, 14 S. Ct. 410 (1894), and the denial or impairment of the right is reversible error without a showing of prejudice. *Swain v. Alabama,* 380 U.S. 202, 219, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965).

The defendant here, however, can claim no such impairment of her peremptory challenge rights. The City, not the defendant, was asked to withdraw two of its peremptory challenges. The two jurors the defendant challenged were never brought back on the panel. The defend-

ant's claim that she opposed both of the jurors who were brought back is unconvincing given that the defendant refused to exercise her remaining peremptory challenge to remove either of the two. What in fact the defendant apparently wanted was not only her three peremptory challenges but the challenges of the City as well. That is a right to which she was not entitled.

The defendant's claim that her "game plan" was interfered with is likewise suspect in that, had she opted to redo her challenges, she would have known from the beginning what challenges the City had made and could have made her challenges accordingly.

Finally, there is no reason to think that the jurors would have had any bias against the defendant. None of the jurors knew who had challenged them until all challenges were completed. The law presumes that a juror in a case is impartial and above legal exception. Otherwise he would have been challenged for cause. *State v. Persinger, supra* at 366. The defendant's right to an impartial jury was not violated.

We affirm.

CORBETT, C.J., and SWANSON, J., concur.

Reconsideration denied July 22, 1985.

Review denied by Supreme Court October 4, 1985.