[No. 16783-9-I. Division One. July 1, 1987.]

THE CITY OF SEATTLE, *Respondent*, v. SCOTT
ANDREW GELLEIN, *Petitioner*.

*M. Catherine Miller* of *Seattle–King County Public
Defender Association*, for petitioner.

*Douglas N. Jewett, City Attorney*, and *Douglas B.
Whalley, Assistant*, for respondent.

GROSSE, J.—This matter is on review pursuant to provisions of RAP 2.3(d). Appellant challenges a superior court decision which affirmed his conviction on the charge of driving while intoxicated. His challenge is to the "to convict" instruction given the jury. We affirm.

Appellant was stopped in the early morning hours of May 18, 1984, for suspicion of driving while intoxicated.

After failing to satisfactorily perform field sobriety tests, he was arrested and transported to the police station. A Breathalyzer test was administered by the arresting officer; the result was a reading of 0.16. Appellant was cited and released.

The sole issue on appeal to this court is whether or not the "to convict" jury instruction (number 5) created an impermissible presumption and/or was a comment by the court on the evidence. The challenged instruction read:

INSTRUCTION No. 5

To convict the defendant of the crime of Driving While Under the Influence, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That the defendant drove a motor vehicle on or about May 18, 1984;

(2) That (a) at that time he had 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath; or (b) at that time the defendant was under the influence of or affected by the use of intoxicating liquor or any drug; and

(3) That the act occurred in The City of Seattle.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. Subsections (a) and (b) of element (2) are alternative modes of committing the offense and only one need be proved. In addition, you do not need to be unanimous as to which method is proved, only unanimous that he is guilty of one of the modes.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

*State v. Franco,* 96 Wn.2d 816, 639 P.2d 1320 (1982) is controlling. *Franco* holds that "the presence of a [blood alcohol content] of 0.10 percent, as shown by the Breathalyzer reading, is not a presumption, conclusive or otherwise, it is an alternate means of committing the crime of driving while under the influence." *Franco,* at 826–27. *See also Seattle v. Urban,* 32 Wn. App. 634, 648 P.2d 922 (1982). *Cf. State v. Barefield,* 47 Wn. App. 444, 735 P.2d 1339 (1987)

(alternate means of committing negligent homicide). The Breathalyzer reading is not conclusive proof of guilt, rather it is evidence of the crime which may be refuted by expert testimony or attacking the accuracy of the reading. *State v. Keller,* 36 Wn. App. 110, 672 P.2d 412 (1983). In the case at bar, instruction 5 sets forth the statutory elements which must be proved for a conviction; it does not create any impermissible presumptions. Indeed, to sustain the contention that Seattle Municipal Code 11.56.020 creates a mandatory presumption would require reversal of *State v. Franco, supra,* because the code language is essentially the same as RCW 46.61.502. That argument must be addressed to the Supreme Court.

■ Appellant also challenges instruction 5 as an impermissible comment on the evidence. "An impermissible comment on the evidence is one which conveys to the jury the court's attitude toward the merits of the particular case." *Seattle v. Smiley,* 41 Wn. App. 189, 192, 702 P.2d 1206 (1985). An instruction which accurately states the law by quoting a statute or portion thereof does not constitute an impermissible comment on the evidence. *Seattle v. Smiley, supra.* Instruction 5 quoted from Seattle Municipal Code 11.56.020 and accurately reflected the law. In fact, instruction 5 is identical to the instruction given in *Franco* with the exception that the instant instruction omits the words "blood or other bodily substance" after the phrase "as shown by chemical analysis of his breath". Omission of the phrase "blood or other bodily substance" was not an impermissible comment on the evidence, rather the omission was proper as there was no evidence or testimony submitted that anything *other than* appellant's breath was tested.

■ The instructions as a whole sufficiently informed the jury of the applicable law and burden of proof.

The standards to be applied in determining if instructions to the jury are adequate are: (1) the instructions must permit a party to argue his theory of the case, (2) the instructions must not be misleading, and (3) the

instructions, when read as a whole, must properly inform the trier of fact on the law.

*State v. Schneider,* 36 Wn. App. 237, 242, 673 P.2d 200 (1983). Trial counsel for appellant admitted he was able to argue his theory of the case to the jury.

Affirmed.

RINGOLD, A.C.J., and WEBSTER, J., concur.

After modification, further reconsideration denied January 27, 1988.

Review by Supreme Court pending April 15, 1988.