[No. 26710-8-I. Division One. June 29, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDALL LEE WASHINGTON, *Appellant.*

*Michael Danko,* for appellant.

---

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Senior Appellate Attorney,* for respondent.

FORREST, J. — Randall Washington was jointly tried with Bryan Ferguson and both appealed from their conviction of first degree reckless endangerment. Ferguson's appeal was heard first and the conviction affirmed sub nomine *State v. Washington.*[1] The facts are stated in *Washington* and need not be repeated here. The holding in *Washington* is dispositive of Washington's claim that RCW 9A.36.045 is unconstitutional because it creates an inference which shifts the burden of proof. Washington argues that even if the inference is constitutional, instruction 13, in which the court explained the inference for the jury's guidance, is improper and inaccurate. We disagree. Instruction 13 reads as follows:

> A person who unlawfully discharges a firearm from a moving vehicle may be inferred to have engaged in reckless conduct, unless the discharge is shown by evidence satisfactory to the trier of fact to have been made without such recklessness. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

No Washington Pattern Jury Instruction (WPIC) for reckless endangerment has yet been drafted but the WPIC instruction dealing with the inference of intent in the burglary statute furnishes guidance. WPIC 60.05 reads as follows:

> A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein [unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent]. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

This instruction has been specifically approved by our Supreme Court.[2] For constitutional purposes, the inference

---

[1]64 Wn. App. 118, 822 P.2d 1245, *review denied,* 119 Wn.2d 1003 (1992). Ferguson was the only appellant and Washington was not a party, but the case uses the title given in the superior court.

[2]*See State v. Handran,* 113 Wn.2d 11, 19, 775 P.2d 453 (1989); *State v. Bergeron,* 105 Wn.2d 1, 19, 711 P.2d 1000 (1985).

of reckless conduct in the endangerment statute and the inference of intent to commit a crime in the burglary statute are indistinguishable. Since the instruction as to the inference in the burglary statute has been specifically approved by the Supreme Court, it follows that instruction 13 regarding the inference in the reckless endangerment statute also meets constitutional standards and adequately informs the jury as to use of the permissive inference.

Here the defendants testified that the discharge of the weapon was accidental which, if believed, constitutes evidence "satisfactory to the trier of fact" that the discharge was not reckless. Indeed, in final argument the prosecutor expressly acknowledged that to be correct.[3] Accordingly, the clause of the instruction beginning "unless" is proper. In the absence of such evidence the clause would be improper for the same reason that it is improper in a burglary case when such evidence is lacking.[4] WPIC 60.05 brackets the equivalent clause to indicate that whether it should be given depends on the evidence.[5] The alternate forms preclude any possible inference that the defendant has any duty to produce evidence when he does not choose to do so. The facts here justify a rational inference from the proven fact of the discharge of the firearm to the inferred fact of reckless conduct and accordingly the instruction is proper.[6]

Washington's reliance on *State v. Savage*[7] is misplaced. In *Savage* the jury was told that in the absence of evidence to the contrary, the presumption must prevail. Such binding effect is clearly precluded by the instruction in question.

---

[3]The prosecutor stated, "If it was an accident, then nobody was acting recklessly."

[4]*State v. Johnson*, 100 Wn.2d 607, 619, 674 P.2d 145 (1983). The court held that when the defendant does not present evidence in his or her own case the clause may improperly create a production-shifting presumption.

[5]*Johnson*, at 619-20.

[6]*Washington*, at 126.

[7]94 Wn.2d 569, 618 P.2d 82 (1980).

The court in *State v. Handran*[8] held that the language of WPIC 60.05 makes the inference permissive.

In summary, the instruction tells the jury (1) that the inference may be rebutted by evidence satisfactory to the trier of the fact and, (2) that with or without such evidence, the jury is free to disregard the inference. The instructions taken as a whole clearly set forth the presumption of Washington's innocence and the State's duty to prove each element of the crime beyond a reasonable doubt.[9] RCW 9A.36.045 is constitutional and the jury was properly instructed as to the permissible inference of reckless conduct.

Affirmed.

GROSSE, C.J., and PEKELIS, J., concur.

---

[8]113 Wn.2d 11, 19, 775 P.2d 453 (1989).

[9]*See Seattle v. Smiley,* 41 Wn. App. 189, 194, 702 P.2d 1206, *review denied,* 104 Wn.2d 1017 (1985). Instructions 2 and 9 are particularly pertinent in this case.