

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34575-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| B.T., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| J.E.T., | ) | |
| | ) | |
| Defendant. | ) | |

FEARING, J. — Bob Tresh appeals his conviction in juvenile court for first degree robbery. He contends that a bench trial violated his constitutional right to a jury trial and that insufficient evidence supported his conviction. We disagree with both contentions and affirm his conviction.

FACTS

We bestow pseudonyms on all minors, including the appellant. This prosecution arises from appellant Bob Tresh's participation in a theft from a Safeway store where principal witness and victim Joshua Morency worked.

On April 17, 2016, Joshua Morency arrived minutes late to work as a clerk at a Safeway grocery store. His work duties included stocking shelves, assisting customers, sweeping, mopping, and garbage collection. As he arrived in his car on April 17, Morency looked for a parking spot in the parking lot when he stopped to allow a male, later identified as Joseph Tate, to cross the parking lot to enter the store. Morency parked and walked through the parking lot toward the store while wearing his Safeway name tag and carrying a bright orange vest with fluorescent stripes. As Morency approached the store entrance, Tate fled the store with a twelve pack of Corona beer. Because of Tate's speed and youthful appearance, Morency believed the teenager had stolen the beer. Tate jumped into a parked car occupied by three other teenagers, including Bob Tresh. The car's occupants yelled at the driver, Elaine Rush, to leave the parking spot.

Joshua Morency reacted to Joseph Tate's conduct by photographing, with his cell phone, Tate and the car he entered to show the Safeway loss prevention officer. Morency did not confront Tate or the occupants of the car because Safeway directs its employees to not resist thefts. After he photographed the car and turned his back to the car in order to enter the store, Morency heard someone yell "hey, hey." Report of Proceedings (RP) at 29. Morency turned to see fifteen-year-old Bob Tresh holding a handgun in the air. Morency grew frightened from worry that Tresh might shoot him to avoid trouble. Elaine Rush testified at trial that she first noticed Tresh handling the gun when she placed the car in reverse within its parking spot.

2

After entering the grocery store, Joshua Morency informed the Safeway Loss Prevention Officer Nicholas Bacus that someone selected a case of Corona and exited the store too quickly to have purchased the beer. Bacus called the police, who arrived at the Safeway within minutes. Morency showed an officer the pictures he had captured on his phone.

Yakima law enforcement officers traveled to the address of the pictured vehicle's registered owner. A vehicle that matched the photograph was parked near the address, and four young adults still occupied the car. Joshua Morency also journeyed to the address and identified each occupant as being involved in the theft at the Safeway store. After garnering a search warrant for the vehicle, officers found the stolen twelve-pack case of Corona and a backpack. The backpack contained a black and silver 9mm handgun, three Xanax pills, and Bob Tresh' state and school identification.

PROCEDURE

The State of Washington charged Bob Tresh in juvenile court with possession of a controlled substance and first degree robbery as an accomplice with a firearm enhancement. Tresh never argued to the juvenile court that the constitution afforded him a jury trial. During the bench trial, Tresh did not testify or call any witness to testify. The juvenile court convicted Tresh as charged.

LAW AND ANALYSIS

Jury Trial

On appeal, Bob Tresh contends that a bench trial violated his constitutional right to a jury trial and that insufficient evidence supported his conviction for first degree robbery. We address these assignments of error in such order.

Bob Tresh asserts a constitutional right to a jury trial under U.S. CONST. amend. VI and WASH. CONST. art. I, §§ 21 and 22. Nevertheless, both the United States Supreme Court and the Washington Supreme Court have held that a juvenile charged with a crime lacks a constitutional right to a jury trial under the respective constitutions. In *McKeiver v. Pennsylvania*, 403 U.S. 528, 541, 91 S. Ct. 1976, 29 L. Ed. 2d 647 (1971), the nation's high Court held that juvenile court proceedings are not criminal prosecutions within the meaning and reach of the Sixth Amendment and thus a juvenile lacks a Sixth Amendment right to a jury trial. Our state high court has consistently ruled that a juvenile lacks a right to a jury trial under the Washington Constitution. *State v. Chavez*, 163 Wn.2d 262, 272, 180 P.3d 1250 (2008); *Monroe v. Soliz*, 132 Wn.2d 414, 419, 939 P.2d 205 (1997); *State v. Schaaf*, 109 Wn.2d 1, 16, 743 P.2d 240 (1987); *State v. Lawley*, 91 Wn.2d 654, 659, 591 P.2d 722 (1979); *In re the Welfare of Estes v. Hopp*, 73 Wn.2d 263, 265, 438 P.2d 205 (1968). One member of this court agrees with the arguments asserted by Tresh in favor of a right to a jury trial, but this court must follow the precedent of the two higher courts.

We note that Bob Tresh did not seek a jury trial before the superior court and did not argue before the superior court that he held a constitutional right to a jury. Thus, Tresh waived the right to assert this purported right on appeal. Since no Washington Supreme Court or United States Supreme Court decision affords the juvenile a right to a jury trial, Tresh does not show manifest constitutional error needed to forward his assignment of error on appeal. RAP 2.5(a)(3).

## First Degree Robbery

Bob Tresh also challenges the sufficiency of evidence to convict him of first degree robbery. In reviewing a challenge to the sufficiency of the evidence, courts review the evidence in the light most favorable to the State. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). We uphold the verdict if any rational trier of fact could have found each element proved beyond a reasonable doubt. *State v. Gentry*, 125 Wn.2d 570, 596-97, 888 P.2d 1105 (1995). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences reasonably drawn therefrom. *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980). The State may use circumstantial evidence to prove any element of a crime. *State v. Garcia*, 20 Wn. App. 401, 405, 579 P.2d 1034 (1978).

RCW 9A.56.190 creates the crime of robbery. The statute declares:

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of

injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Robbery in the first degree constitutes:

> (1) A person is guilty of robbery in the first degree if:
> (a) In the commission of a robbery or of immediate flight therefrom, he or she:
> (i) Is armed with a deadly weapon; or
> (ii) Displays what appears to be a firearm or other deadly weapon; or
> (iii) Inflicts bodily injury; or
> (b) He or she commits a robbery within and against a financial institution as defined in RCW 7.88.010 or 35.38.060.

RCW 9A.56.200.

Bob Tresh challenges two of the elements of first degree robbery. First, Tresh argues that the State of Washington failed to establish that he employed force to take or retain the stolen property. He contends he displayed the firearm only after the completion of the taking and the escape. Yet, Washington has a transactional analysis of robbery whereby the force or threat of force need not precisely coincide with the taking. *State v. Manchester*, 57 Wn. App. 765, 770, 790 P.2d 217 (1990). The taking continues until the assailant effects an escape. *State v. Manchester*, 57 Wn. App. at 770. A robbery continues as an ongoing offense so that force used to obtain the property, force employed

to retain the stolen property, or force exerted to effect an escape satisfies the force element of robbery. *State v. Robinson*, 73 Wn. App. 851, 856, 872 P.2d 43 (1994).

We agree that Joseph Tate had completed his physical taking of the beer before Bob Tresh brandished his firearm. But, contrary to Tresh' contention, the occupants of the car had not accomplished their escape. The car remained in the Safeway parking lot. Elaine Rush, the driver, testified to seeing Tresh flaunt the gun when she pulled from the parking spot. Joshua Morency had not entered the grocery store and walked in the parking lot when Tresh yelled "Hey" two times while pointing the gun in the air. The wielding of the gun understandably frightened Morency because he viewed Tresh as using the gun in a threatening manner in order to avoid capture for theft. A rational trier of fact could have found that Tresh displayed the weapon to effectuate an escape.

Bob Tresh next argues that the State failed to show that the person Tresh threatened with the gun, Joshua Morency, owned or acted as a representative of the owner of the stolen property. For the taking of property in the presence of a person to constitute a robbery under RCW 9A.56.190, that person must have (1) an ownership interest in the property taken, (2) some representative capacity with respect to the owner of the property taken, or (3) actual possession of the property taken. *State v. Richie*, 191 Wn. App. 916, 923, 365 P.3d 770 (2015).

Safeway owned the purloined beer, so we must determine if Joshua Morency functioned as a representative of the grocery chain. A person with a representative

7

capacity includes a bailee, agent, employee, or other representative of the owner if he or she has care, custody, control, or management of the property. *State v. Richie*, 191 Wn. App. at 925. Stealing property in the presence of the owner's employee can support a robbery conviction because the employee has the implied responsibility of exercising control over the property. *State v. Blewitt*, 37 Wn. App. 397, 399, 680 P.2d 457 (1984).

In *State v. Richie*, 191 Wn. App. 916 (2015), a Walgreens store employee arrived early for her work shift. She entered the store wearing a coat over her store badge and store shirt. The employee selected a beverage to drink and ambled to the front register to pay for the beverage. The employee noticed Michael Richie walk toward the liquor section of the Walgreens. Richie then walked toward the front of the store carrying one bottle of alcohol in each hand and passed the employee at the register. The employee blurted, "'Sir, you need to pay for that here. Let me help you.'" *State v. Richie*, 191 Wn. App. at 920. Richie struck the employee in the head with one of the bottles and fled the store. On appeal, Richie argued that the Walgreens employee did not act in a representative capacity at the time of the assault because she was not on duty and her coat covered her Walgreens name tag and shirt. This court found a rational jury could have found she acted in the scope of her employer's interests at the time of the robbery regardless of whether she had begun her shift.

*State v. Richie* controls this appeal. As a store clerk, Joshua Morency held actual duties over the store inventory and in assisting customers and implied, if not express,

8

responsibility of controlling Safeway property. Whether Morency had begun his shift lacks relevancy. As he walked through the parking lot bearing the bright orange vest, Morency's Safeway nametag was visible. Morency photographed the vehicle so he could save "evidence" to show the loss prevention officer. He took this action in order to benefit the company. As such, a rational trier of fact could find that Morency acted in a representative capacity of Safeway.

Bob Tresh also argues that Joshua Morency's taking of photographs for a future investigation of a crime does not amount to a means of resistance. Because we hold that Tresh employed force, we need not address this additional argument.

## CONCLUSION

We affirm Bob Tresh's juvenile court conviction for first degree robbery.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

9